## J. Martin Shoemaker, v. Amelia C. Shoemaker.

*Pleading in Chancery: Divorce on the ground of adultery.* No decree for a divorce can be granted on the ground of adultery, which is not charged in the bill with specifications of time, place and circumstances. *Dunn v. Dunn,* 11 *Mich.,* 284.

*Heard and decided, April 21.*

Appeal in Chancery from Wayne Circuit.

SHOEMAKER *v.* SHOEMAKER.

This was a bill for a divorce filed in the Circuit Court for the County of Wayne, in Chancery, by J. Martin Shoemaker for a divorce from Amelia C. Shoemaker. The ground of divorce charged as stated in the bill, was adultery "with divers persons, whose names are at present unknown to your orator, at divers times and places; but at what times and places your orator is not informed." The bill also contained a charge of adultery, specifying the time and place, with one John Park.

The defendant answered denying adultery with John Park, as stated, or any other person. Proofs were taken, but there was no proof offered of adultery with Park. On the hearing in the Circuit Court a decree for a divorce was granted. The defendant appeals to this Court.

*N. H. Redmond* and *H. M. & W. E. Cheever,* for complainant.

*O. Kirchner* and *L. Bishop,* for defendant.

PER CURIAM.

There was no attempt made by the evidence to prove any of the specific charges in the bill; and the general charges are without any element of time, place or circumstance. In the case of *Dunn v. Dunn, 11 Mich., 284,* this general and vague method of accusation was held insufficient to authorize testimony to be introduced under it. The case of *Wood v. Wood, 2 Paige R. 109* had sufficiently shown its impropriety, and no decree can be based upon such charges. All the testimony in this case that has any tendency to prove adultery, relates also to a period not covered by, but subsequent to any of the times referred to in the bill. The decree therefore is entirely without foundation, and must be reversed.

But justice to the defendant requires that the case should not be regarded as decided on any technical ground. The proofs introduced have produced no effect on our

minds beyond a conviction that they are fabricated, and utterly unreliable. Enough appears to show that there has been gross and outrageous villany on the part of some one in concocting them, and we trust the papers may be submitted to the proper criminal authorities. There is nothing in them which ought to injure the reputation of the defendant. We, therefore, shall reverse the decree below and dismiss the bill, with an allowance of $400.