## James T. Randall v. Sophia M. Randall.

*Divorce: Adultery: Bill of complaint.* A bill for divorce on the ground of adultery must set forth with particularity sufficient to identify them, the time, place and occasion of the acts charged.

*Adultery: Evidence: Divorce.* The evidence in this case was held insufficient to prove the commission by the defendant of the offense imputed.

*Heard January 14 and 15.    Decided January 19.*

Appeal in Chancery from Saginaw Circuit.

*Wisner & Draper,* for complainant.

*Thomas M. James* and *Gaylord & Hanchett,* for defendant.

GRAVES, CH. J.

This is a suit for a divorce. The cause was commenced in October, 1871, and in December, 1873, the court granted a decree to dissolve the marriage. The defendant appealed. The bill charges her with having committed several acts of adultery with each of two named persons, but does not identify the particular time, place or occasion of any one act. On the hearing in this court, complainant's counsel, whilst conceding that there was no evidence of any other, still strenuously contended that there was proof of one offense, and which he argued was fixed and identified by circumstances related by the servant girl sworn for complainant.

Consequently, the case is reduced to a single issue, depending upon mere matters of fact. The exhaustive treatment of the case by counsel has done much to assist us in reaching a conclusion, and to inspire a belief that no possible view has been unnoticed. No material circumstance appears to have escaped attention, and every item of fact susceptible of influence seems to have been presented in every admissible light. Our own careful examination of

the record enables us to speak confidently. Considering the nature of the question, and the full and satisfactory manner in which it has been examined and discussed, we see no occasion for delaying judgment. But we do not deem it needful, or perhaps expedient, to expatiate upon the evidence, or to enter upon a detailed explanation of the views and impressions caused by specific items of proof. We shall therefore announce our conclusion, and refrain from argument. Before doing so, however, it seems right to say, that in view of the want of particularity in the accusation, the complainant did not place himself in a situation to insist upon any consideration of the proofs, and that it must not be taken for granted that the court in any particular case will overlook such difficulties and defects and proceed as though the charge were made with legal distinctness.— *Dunn v. Dunn, 11 Mich., 284; Shoemaker v. Shoemaker, 20 Mich., 222.* Upon the best consideration we are able to bestow, we are led to think that the evidence is not sufficiently assuring to prove the commission by the defendant of the offense imputed. As a consequence, the decree below must be reversed, and the bill dismissed, with costs of both courts.

The other Justices concurred.